UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR- 127 |
| | ) | (Phillips/Guyton) |
| | ) | |
| LUMARI HARSHAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. Two motions are pending and subject to disposition by this Court:

1. Motion for Pre-Trial Notice of Government's Intent to Use Evidence [Doc. 18]; and

2. Motion for Pre-Trial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 19].

Both pending pre-trial motions are addressed herein, a hearing being unnecessary to their disposition.

### 1. MOTION FOR PRE-TRIAL NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE

Defendant moves the Court to order the government to provide written notice of evidence which it contemplates using in its case-in-chief. [Doc. 18] The request is general and refers to no specific item or information.

The government responds by providing notice and specifically identifying materials

1

pursuant to the defendant's Rule 12(b)(4)(B) motion. [Doc. 20] It contends that Rule 12 only entitles the defendant to those items which would be subject to a motion to suppress, not to a list of all items which the defendant is entitled to discover under Rule 16. In its response, the government identifies a list of 11 items enumerated in pre-trial discovery materials previously provided to the defendant; a police DVD of the defendant's arrest; evidence of a prior felony drug conviction attributed to the defendant; controlled substances previously identified in pre-trial discovery materials; photographs of these controlled substances; and testimony pertaining to these controlled substances.

Rule 12(b)(4)(B) requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence.

. Accordingly, defendant Harshaw's Motion For Pre-Trial Notice of Government's Intent to Use Evidence [**Doc. 18**] **is DENIED as moot** in light of the fact that the government has given notice of its intention to use specifically identified evidence provided during discovery in its case-in-chief.

**2. MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE**

## 404(B)-TYPE EVIDENCE

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 7] at paragraph I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise.

Nonetheless, in response to the defendant's motion the government has disclosed that it intends to introduce into evidence felony convictions attributed to the defendant; controlled substances found at the scene of the arrest; and photographs of these controlled substances. [Doc. 20]. Accordingly, defendant Harshaw's Motion for Pre-Trial Notice of Government's Intent to Use 404(b)-Type Evidence [**Doc. 19**] is **DENIED,** being moot as to the information provided by the government in its response [Doc. 20] and premature as to all other 404(b) evidence addressed previously by the Court [Doc. 7].

**IT IS SO ORDERED.**

ENTER:

_s/ H. Bruce Guyton_
United States Magistrate Judge

3