UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-127 |
| | ) | (PHILLIPS/GUYTON) |
| LUMARI HARSHAW, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the court on Defendant Harshaw's Motion to Continue Trial and to Schedule a Change of Plea Hearing [Doc. 22], filed on March 19, 2007. Counsel for the Defendant states that he contacted counsel for the government and that the government does not oppose the motion to continue the trial and to schedule a change of plea hearing. He further states that the Defendant and the Government have agreed in principle to a plea agreement and that both parties request additional time to conclude plea negotiations and to finalize the plea agreement.

The Defendant is currently free on an unsecured bond. Counsel are in agreement that the reasons for the continuance support an ends of justice continuance and that more time is needed, making it unreasonable to expect preparation for trial or final agreement on a plea to occur within the time limits set by the Speedy Trial Act.

The Court finds that the Defendant's motion to continue [Doc. 22], is well taken, and it is **GRANTED**. The trial of this case was set for March 21, 2007. Counsel for both parties are in agreement and the Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161 (h)(8)(A). The Court finds that the failure to grant a continuance in this case would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(ii). In light of these findings and its granting the motion, the Court sets a new trial date, or in the alternative, a change of plea hearing date, of **May 8, 2007.** Should the parties not agree in writing to a plea agreement in the interim, counsel for the parties shall advise the Court at least five working days before the new trial date of May 8, 2007, of their intention to proceed to trial. The Court further finds that the period of time between the March 21, 2007 trial date and the new trial date of May 8, 2007, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 1361(h)(8)(A)-(B). Defense counsel represents that he has discussed this request with the government and that the government has no objection.

Consistent with the foregoing, the Defendant's Motion to Continue Trial and to Schedule a Change of Plea Hearing [Doc. 22] is **GRANTED**.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial and to Schedule a Change of Plea Hearing [Doc. 22] is **GRANTED**.

(2) The trial, or in the alternative, change of plea hearing is reset to commence at **9:00 a.m., on May 8, 2007**, before the Honorable Thomas W. Phillips, United States District Judge.

(3)  Should counsel for both parties fail to reach a plea agreement in the interim, counsel shall advise the Court **at least five working days** before the new trial date of May 8, 2007, of their intention to proceed to trial.

(4) All time between **March 21, 2007** and **May 8, 2007** shall be fully excludable under the Speedy Trial Act, for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge