UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-127 |
| | ) | Phillips |
| LUMARI BARAKA HARSHAW | ) | |

## MEMORANDUM AND ORDER

Defendant Lumari Baraka Harshaw has filed two post-sentencing motions which are pending. Defendant first filed a *pro se* motion to appoint counsel [Doc. 40] to assist him in filing a motion for a sentence reduction. However, subsequent to the filing of his motion, Federal Community Defender Elizabeth B. Ford has filed a notice of appearance [Doc. 41] and a motion for resentencing [Doc. 42] on the defendant's behalf. In light of Ms. Ford's appearance on his behalf, defendant's *pro se* motion to appoint counsel [Doc. 40] is **DENIED as moot**.

Defendant has moved for the Court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.C. §1B1.10 as amended by Amendments 780 and 750. As set forth in his motion and as the record reflects, defendant was sentenced on June 1, 2009 to a term of imprisonment of 144 months for a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute fifty (50) grams or more of cocaine base. Due to a prior felony drug conviction, defendant was subject to a statutory minimum mandatory sentence of 240 months. The government filed a motion for downward departure pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) due to the defendant's substantial assistance.

That motion was granted and the 144 month term of imprisonment reflected a 40% reduction from the defendant's restricted sentencing guideline range. At the present time, defendant has served approximately 91 months of his sentence and his current projected release date is February 14, 2018.

Amendment 750 to the U.S. Sentencing Guidelines ("USSG") became effective on November 1, 2011, and retroactively lowered the sentencing guidelines for cocaine base offenses. Amendment 780 to the USSG became effective on November 1, 2014, and added a new section 1B1.10(c) which clarifies that if a court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion, the amended guideline range shall be determined without regard to the mandatory minimum. At the time of his sentencing, defendant's adjusted offense level was 29 and his criminal history category was III. This resulted in a guideline range of 108—135 months.

Defendant argues that the retroactive application of USSG Amendment 750 makes his new adjusted offense level 27, a criminal history category of III, and a guideline range of 87—108 months. Defendant further argues that U.S.S.G. §1B1.10(b)(2)(B) authorizes a "reduction comparably less than the amended guideline range" to account for the government's previously filed motion. Thus, defendant contends that a 40% reduction from the amended guideline range would result in an amended sentence of 52 months, less than he has already served, and would entitle him to immediate release.

The government has responded [Doc. 43] to the defendant's motion by contending that application of Amendments 750 and 780 would result in an adjusted offense level of

2

25, a criminal history category of III, and an amended guideline range of 70—87 months. The government suggests that a 40% reduction from the amended guideline range would result in a term of imprisonment as low as 42 months. In light of the time he has already served, the government suggests that the Court consider a sentence of "time served" rather than a specific term of months. While the government notes that a sentence of "time served" would increase the amount of the reduction granted for defendant's substantial assistance and recommends that the Court decline to grant the full reduction authorized by Amendments 750 and 780, the government concludes that it defers to the Court's discretion whether to grant a reduction and to what extent.

The Court notes that the government has used the 2013 version of the Sentencing Guidelines because the 2014 version incorporates further reductions pursuant to Amendment 782, but a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. §1B1.10(e)(1). The government reasonably surmises that the defendant's motion only references Amendments 750 and 780 because he seeks to be released before November 1, 2015. The U.S. Probation office has advised that it agrees with the government's calculations.

The Court is permitted to reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) if the sentencing range has subsequently been lowered by the Sentencing Commission, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and after consideration of the applicable factors set forth in section 3553(a). The defendant's criminal history reflects convictions for disorderly

3

conduct, underage consumption, public intoxication, violation of driver's license law, driving on a suspended license, criminal impersonal, resisting stop and frisk, resisting arrest, criminal trespassing, possession with intent to distribute cocaine, and simple possession. During his incarceration, defendant has completed drug education and financial responsibility classes. His disciplinary report shows six incidents, including possession of hazardous and non-hazardous tools, refusal to obey orders, and possession of unauthorized items. The defendant has not been classified as a security risk.

It appears to the Court that the defendant is indeed eligible for a sentence reduction based on the application of Amendments 750 and 780 to the USSG and based on consideration of the factors set forth in § 3553(a). The Court further agrees that the application of the 2013 version of the Sentencing Guidelines is appropriate. Regardless of whether the 2013 or 2014 guidelines are applied, the defendant has served more months of imprisonment than would be imposed under either calculation. The Court is not persuaded to grant less than a "full reduction" by the government's complaint that defendant will receive more credit for substantial assistance than previously allowed. Neither the government nor the Probation Office have identified any reason why the defendant should not be granted a reduction in his sentence or why the Court should not apply the amendments as written.

Accordingly, for good cause shown, the defendant's motion [Doc. 42] is **GRANTED** and the defendant's term of imprisonment is reduced to a "time served" sentence. This order shall take effect ten days from its entry in order to give the Bureau

4

of Prisons time to process the defendant's release. Except as provided above, all provisions of the judgment dated June 1, 2009, shall remain in effect.

IT IS SO ORDERED.

                                                    s/ Thomas W. Phillips
                                        SENIOR UNITED STATES DISTRICT JUDGE

5

Case 3:06-cr-00127-TWP-HBG   Document 44   Filed 02/23/15   Page 5 of 5   PageID #: 64